IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RANDY SPITZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-21-01021-JD |
| ) | |
| CSAA GENERAL INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Before the Court is Defendant CSAA General Insurance Company's ("CSAA") Motion to Compel Discovery of Plaintiff ("Motion") [Doc. No. 36]. Plaintiff Randy Spitz filed a response in opposition [Doc. No. 38], to which CSAA replied [Doc. No. 39]. The matter is fully briefed and at issue.

This is a bad faith insurance case arising out of CSAA's handling of Spitz's underinsured motorist ("UIM") claim. In February 2016, Spitz was involved in a motor vehicle accident with a semi-truck. He notified CSAA of the accident and submitted a claim for medical payment coverage. CSAA then sent Spitz a medical authorization, which Spitz signed and returned, authorizing CSAA to obtain records from one of Spitz's medical care providers.

Spitz retained counsel to pursue recovery for his loss from the other driver involved in the accident. CSAA explains in the Motion that, upon learning that Spitz had a surgery, it opened a UIM claim to monitor Spitz's claim for such coverage. CSAA then details its repeated attempts to obtain information about Spitz's medical treatment and

any potential need for UIM coverage. Despite several requests from CSAA for Spitz to execute additional medical authorizations, Spitz never signed and returned another authorization.

In March 2019, as Spitz's tort action against the truck driver proceeded toward trial, Spitz's attorney provided additional information to CSAA about Spitz's claim, including the tortfeasor's liability policy limit, which was $1 million, the amount in medical bills Spitz sought to recover, and expert reports from Spitz's medical and economic experts. A few days later, Spitz's attorney sent to CSAA Spitz's proposed trial exhibits for the underlying tort action and made a formal request for CSAA to evaluate Spitz's claim for UIM coverage.

Based on the materials provided by Spitz's attorney, CSAA evaluated Spitz's claim for UIM coverage, noting that there appeared to be inconsistencies in the records regarding whether the motor vehicle accident caused Spitz to experience a tremor in his right hand or whether the tremor was a condition predating the accident. Spitz was involved in an unrelated motor vehicle accident over 20 years ago. A few years later, Spitz underwent surgery on his neck due to his injuries from that previous accident. CSAA concluded that the value of Spitz's claim was within the tortfeasor's $1 million liability policy limit and that there would thus be no UIM coverage. Ultimately, a jury awarded Spitz $2.5 million, well above the policy limit for the tortfeasor's liability policy.

The Motion concerns CSAA's request for a medical authorization from Spitz that would include medical records for treatment he received in the five years before the motor vehicle accident. CSAA seeks to compel responses to the following:

> **INTERROGATORY NO. 4:** Identify, with specificity, each and every doctor, hospital, chiropractor, psychiatrist or psychologist that has in any way treated the Plaintiff for the last ten (10) years and please provide the following:
>
> (a) Name;
> (b) Address;
> (c) Telephone number;
> (d) Dates of treatment;
> (e) Reason for said treatment.
>
> **REQUEST FOR PRODUCTION NO. 1:** Medical authorization and employment authorization executed by the Plaintiff to enable the Defendant to obtain all medical and employment information regarding this matter.

Motion at 7.[1] Although Interrogatory No. 4 sought records for the last 10 years, CSAA explains that it subsequently reduced the request to 5 years prior to the February 2016 motor vehicle accident. Motion at 8; [Doc. No. 36-14] at 3; [Doc. No. 36-16] at 1.

Parties may serve on any other party written interrogatories that "relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). To the extent it is not objected to, the responding party must answer each interrogatory,

---

[1] While the Motion seeks an order compelling Spitz to provide the documents requested in Request for Production No. 1, it does not discuss Spitz's employment records. CSAA focuses solely on the medical authorization issue. *See* Motion at 15 ("Plaintiff should be ordered to identify his medical providers and provide an appropriate authorization so that CSAA can fairly defend itself in this action."). Therefore, the Court does not address the employment authorization issue. *See* Fed. R. Civ. P. 7(b)(1) (explaining a request for a court order must "state with particularity the grounds for seeking the order" and state the relief sought).

"separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). "The grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(4). Under Rule 34, a party may serve another party a request within the scope of Rule 26(b) to produce and permit the requesting party to inspect, copy, test, or sample designated documents, electronically stored information, or tangible things in the responding party's possession, custody, or control. Fed. R. Civ. P. 34(a)(1).

Under the Federal Rules of Civil Procedure, the proper scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Relevance for purposes of discovery is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Further, Rule 26(b)(1) specifies that information need not be admissible in evidence to be discoverable. If proposed discovery is outside the scope permitted by Rule 26(b)(1), the Court "must limit the frequency or extent of discovery." Fed. R. Civ. P. 26(b)(2)(C)(iii).

CSAA contends the interrogatory and request for production seek information relevant to several issues in this case including (1) whether the damages Spitz seeks arise out of injuries caused by Spitz's most recent motor vehicle accident or by some other pre-

accident incident, (2) CSAA's handling and evaluation of Spitz's UIM claim, and (3) the accuracy of the cost projections for Spitz's future medical care made by experts in the underlying case.

Spitz objects, arguing that under *Buzzard v. Farmers Insurance Co.*, 824 P.2d 1105 (Okla. 1991) the information sought by CSAA is irrelevant, and thus outside Rule 26(b)(1)'s scope, because CSAA did not communicate to Spitz that it was denying UIM coverage based on any alleged pre-existing condition or failure to provide a medical authorization.

In *Buzzard*, the Oklahoma Supreme Court explained that in bad faith cases, "[t]he decisive question is whether the insurer had a 'good faith belief, *at the time its performance was requested*, that it had justifiable reason for withholding payment under the policy.'" *Buzzard*, 824 P.2d at 1109 (quoting *Buzzard v. McDanel*, 736 P.2d 157, 159 (Okla. 1987) (emphasis in original)).

> *Buzzard* holds that under Oklahoma law an insurance bad faith claim is premised on the actual reason the insurance company gave when it denied the claim, not a post-denial rationalization. Therefore, evidence that supports a post-denial rationalization, rather than the evidence that the insurance company actually relied on when initially denying a claim, is inadmissible under *Buzzard*.

*Thomas v. Farmers Ins. Co., Inc.*, 774 F. App'x 430, 432 (10th Cir. 2019) (unpublished).

The Court disagrees with Spitz and finds that his medical records are relevant to the claims and defenses in this case under Rule 26(b)(1). Spitz asserts a claim against CSAA for bad faith based on CSAA's claim handling, which encompasses the investigation of the claim for UIM coverage. He alleges that CSAA did not conduct a

5

reasonable investigation of his damages following the car accident. The nature of the allegations in the Petition reveals that Spitz intends to put on evidence that CSAA failed to sufficiently investigate his claim by specifically referencing CSAA's alleged omissions. *See, e.g.*, [Doc. No. 1-2 ¶¶ 24–28]. Spitz also intends to put on expert reports from the underlying litigation, which look to Spitz's underlying medical records and reference Spitz's earlier treatment and past medical history. *See* [Doc. No. 36-8]. Finally, in his final witness list [Doc. No. 25], Spitz includes Dr. Ellen Hope, Dr. Shawn Smith, and Lon Huff, all of whom may testify about Spitz's medical injuries and medical care. In fairness, and especially to prevent unfair surprise at trial, CSAA should have access to the information Spitz intends to rely upon to support his claim.

The Court thus finds that medical records from before and after Plaintiff's accident in February 2016 are relevant to the claims and defenses. These records would also be relevant to showing whether CSAA's investigation was unreasonable and in bad faith, or not. The Court further finds the medical records are proportional to the needs of the case considering the factors in Rule 26(b)(1), which include relative access to the information, the amount in controversy, and the importance of the issues at stake in the action.

Spitz's argument that records are relevant only if CSAA actually relied on them to evaluate Plaintiff's claim is unpersuasive. The cases Spitz relies on, including *Buzzard v. Farmers Insurance Co.*, 824 P.2d 1105 (Okla. 1991) and *Newport v. USAA*, 11 P.3d 190 (Okla. 2000), addressed the sufficiency of evidence to support a finding of bad faith at trial, not relevance for purposes of discovery. *See Walker v. Progressive Direct Ins. Co.*, No. 09-CV-556-TCK-PJC, 2010 WL 1267218, at *1 (N.D. Okla. Mar. 5, 2010). Again,

Rule 26(b)(1) assures that information "need not be admissible in evidence to be discoverable." By finding the records sought by CSAA in the Motion within Rule 26(b)(1)'s scope, the Court is in no way making a ruling on admissibility of evidence.

In addition to being relevant to damages and defenses, a theory of inadequate investigation on bad faith requires "the insured must make a showing that material facts were overlooked or that a more thorough investigation would have produced relevant information." *Timberlake Constr. Co. v. U.S. Fid. & Guar. Co.*, 71 F.3d 335, 345 (10th Cir. 1995). Thus, to the extent Spitz is pursuing an inadequate or failure to investigate theory on his bad faith claim, as he indicated when he filed suit, he will have to show what information was overlooked and what a more thorough investigation would have yielded. And to the extent that claim will turn on medical information, CSAA is entitled to secure the same information that Spitz may ultimately rely upon to support it.

The Court, therefore, overrules Spitz's relevance objections to the interrogatory and request for production. Spitz shall respond to the interrogatory, with the sole modification of a reduction of the period from 10 years to 5 years discussed above, within 14 days of the date of this Order. CSAA, however, has not provided any authority by which the Court can compel Spitz to execute a release for his relevant medical records at this juncture, though because CSAA is entitled to the underlying information, the Court expects the parties to reach a resolution.[2]

---

[2] While compelling an execution of the medical authorization would be a practical and cost-efficient method of discovery, the Court is not persuaded that it is a process authorized by Rule 34, and CSAA fails to demonstrate it is a process authorized by any governing authority. *See* Fed. R. Civ. P. 7(b)(1)(B) (requiring movant to state with

Finally, CSAA perfunctorily requests an award of fees and costs it incurred in connection with the Motion. *See* [Doc. No. 36 at 16; Doc. No. 39 at 6]. Neither party presents any argument under the standards in Rule 37(a) for why fees and costs should be awarded (or not awarded) in whole or in part. Should CSAA maintain its request for fees in light of this Order, the parties shall confer through counsel. If the parties cannot reach an agreement, they should then submit briefing on this issue. Any application for fees by CSAA shall be due within 30 days from the date of this Order, and Plaintiff's response shall be due within 21 days of the filing of the application. CSAA may file a reply within seven days of the filing of any response.

## **CONCLUSION**

For these reasons, the Court GRANTS in part and DENIES in part Defendant CSAA General Insurance Company's Motion to Compel Discovery of Plaintiff [Doc. No. 36].

---

particularity the grounds for seeking the order). Persuasive authority indicates it might not be: "The appropriate procedure to compel a non-party to produce documents is to serve them a subpoena as set forth in Rule 45 of the Federal Rules of Civil Procedure. It is only after the individuals or entities object on grounds of privilege or otherwise fail to produce the documents pursuant to subpoena that the Court will consider a motion requesting (1) the Court compel the entity to produce the documents pursuant to Rule 45; or (2) compel the party to execute appropriate releases pursuant to the Court's general powers to enforce its own orders." *E.E.O.C. v. Thorman & Wright Corp*, 243 F.R.D. 426, 429 (D. Kan. 2007) (footnote omitted); *see also Fisher v. Sw. Bell Tel. Co.*, No. 07-CV-433-CVE-SAJ, 2008 WL 11383476, at *3–*4 (N.D. Okla. Oct. 29, 2008). In any event, the parties may jointly submit a proposed order for the Court to sign consistent with federal HIPAA regulations or Spitz may voluntarily execute a release consistent with this Order. If the parties wish to avoid further delay in bringing this case to a conclusion, the Court suggests that the parties work together on this issue.

IT IS SO ORDERED this 1st day of March 2023.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE